UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In Re:<br><br>M. FABRIKANT & SONS, INC. and<br>FABRIKANT-LEER INTERNATIONAL, LTD.<br><br>        Debtors.<br><br>M. FABRIKANT & SONS, INC.<br><br>        Plaintiff,<br><br>v.<br><br>LONG'S JEWELERS LTD<br><br>        Defendant. | Chapter 11<br>Case Nos. 06-112737(SMB)<br><br><br><br><br>Adv. P. No. 07-01585(SMB) |

## NOTICE OF MOTION OF LONG'S JEWELERS LTD FOR WITHDRAWAL OF THE REFERENCE

**PLEASE TAKE NOTICE** that upon the annexed motion (the "Motion") and memorandum of law, Long's Jewelers, LTD (the "Defendant"), through its undersigned counsel, will move this Court before the Honorable _____, United States District Judge for the Southern District of New York, in the courtroom at the United States District Court, 500 Pearl Street, New York, New York, room ____, on the ____ day of February, 2008, at 9:30 in the forenoon thereof (the "Hearing Date"), or as soon thereafter as counsel may be heard, for an order withdrawing the reference to the United States Bankruptcy Court, pursuant to 28 U.S.C. § 157(d) and (e) and Fed.R.Bankr.P. 5011 of the above-captioned Adversary Proceeding, and granting such other and further relief as the Court deems necessary and proper in the circumstances.

DMJ\1287169.1

**PLEASE TAKE FURTHER NOTICE** that all responses or objections, if any, to the relief requested herein shall be made in writing, shall state with particularity the grounds therefor, shall be filed with the Clerk of the United States District Court for the Southern District of New York, with a copy to chambers, and served upon co-counsel for the Defendant at 744 Broad Street, Suite 1200, Newark, New Jersey 07102 and One Beacon Street, 21st Floor, Boston, Massachusetts 02108, on or before the tenth business day after receipt of this Notice of Motion and the papers in support thereof, and shall further be filed electronically in accordance with the Rules of the United States District Court for the Southern District of New York regarding electronic filing of litigation documents, whereupon reply papers may be served and filed on or before the fifth business day after receipt of such objecting papers.

Dated: Newark, New Jersey
February 8, 2008

                               **DUANE MORRIS LLP**
                               A Delaware Limited Liability Partnership
                               Attorneys for the Movant

To: Mitchell J. Devack
     Law Offices of Mitchell J. Devack, PLLC
     90 Merrick Avenue
     Suite 500
     East Meadow, NY 11554
     (516) 794-2800

By: /s/ Joseph Lemkin
     Joseph H. Lemkin (JL-2490)
     744 Broad Street
     Suite 1200
     Newark, New Jersey 07102
     (973) 424-2000

United States Trustee's Office
33 Whitehall Street
New York, New York 10004
(212) 510-0500

- and -

**HANIFY & KING**
Professional Corporation
Charles R. Bennett, Jr., Esq.(BBO #037380)
One Beacon Street, 21st Floor
Boston, Massachusetts 02108-3107
(617) 423-0400

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In Re:<br><br>M. FABRIKANT & SONS, INC. and<br>FABRIKANT-LEER INTERNATIONAL, LTD.<br><br>Debtors. | Chapter 11<br>Case Nos. 06-112737(SMB) |
| M. FABRIKANT & SONS, INC.<br><br>Plaintiff,<br><br>v.<br><br>LONG'S JEWELERS LTD<br><br>Defendant. | Adv. P. No. 07-01585(SMB) |

### MOTION AND MEMORANDUM OF LONG'S JEWELERS LTD FOR WITHDRAWAL OF THE REFERENCE

Long's Jewelers, LTD ("Long's"), hereby moves for withdrawal of the reference of the above captioned Adversary Proceeding to the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

Withdrawal of the reference in the above captioned case (the "Adversary Proceeding") is appropriate and, indeed, mandatory with regard to the non core claims asserted by the plaintiff against Long's because Long's does not consent to entry of final orders or judgment by the Bankruptcy Court, and to the extent any claim may be considered a core claim, cause exists for such withdrawal because Long's and Fabrikant each have requested a jury trial and Long's does not consent to a jury trial by the Bankruptcy Court.

In support of this motion (the "Motion"), Long's respectfully represents as follows:

## BACKGROUND STATEMENT

1. M. Fabrikant & Sons, Inc (the "Fabrikant") filed a voluntary case under Chapter 11 on November 16, 2006 (the "Petition Date").

2. Long's is a corporation organized under the laws of the Commonwealth of Massachusetts, having its sole place of business in Massachusetts, and was a customer of Fabrikant.

## PROCEDURAL BACKGROUND

3. On March 13, 2007, Fabrikant filed the Complaint. Through the Complaint, Fabrikant seeks the amount of $1,647,031.80 for goods sold to Long's prior to the Petition Date.

4. On April 19, 2007, Long's timely filed its Answer and Jury Demand (the "Answer to Complaint"). In the Answer to Complaint, Long's denies the material allegations of Fabrikant in the Complaint, asserts various defenses and asserts a counterclaim seeking a determination of Long's right to return goods for credit against any obligations asserted by Fabrikant against Long's.

## RELIEF REQUESTED

5. Long's requests withdrawal of the reference under 28 U.S.C. §§ 157(d) and (e), Fed. R. Bankr. P. 5011, and SD NY USBC LBR 5011-1.[1] Section 1334(a) of title 28 vests

---

[1] SD NY USBC 5011-1 provides:

> A motion for withdrawal of the reference shall be filed with the Clerk of the Bankruptcy Court. The movant is then required to file with the Clerk of the District Court a copy of the motion, the receipt for payment of the filing fee, three copies of the District Court Civil Cover Sheet, and a copy of any corporate ownership statement previously filed pursuant to Bankruptcy Rule 1007(a) or 7007.1. The movant shall then file with the Clerk of the Bankruptcy Court a statement indicating the Civil Case Number and District Court Judge assigned to the matter. All subsequent
>
> (Continued...)

federal district courts with exclusive jurisdiction over all cases "under title 11" while 28 U.S.C. § 1134(b) grants the district courts "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." In turn, 28 U.S.C. § 157(a) permits the district court of each district to refer these cases to the bankruptcy judges for that district. However, the power of the bankruptcy court to enter final orders in a referred proceeding is limited as constitutionally required. See Northern Pipeline Const. Co. v. Marathon Pipe Line Co., 458 U.S. 50 (1982). Because of such constitutional limits, a bankruptcy court generally may only hear and finally determine core[2] bankruptcy proceedings. See 28 U.S.C. § 157(b). In non-core proceedings, only the district court may enter final orders *absent consent of the parties*. See 28 U.S.C. § 157(c) (emphasis added).

6. Section 157(d) of title 28 provides in pertinent part "the district court may withdraw, in whole or in part, any case or proceeding ... on timely motion of any party, for cause shown." 28 U.S.C.A. § 157(d). Section 157(e) of title 28 provides in pertinent part "if the right to a jury trial applies in a proceeding that may be heard under this section by a bankruptcy judge, the bankruptcy judge may conduct the jury trial if specially designated to exercise such jurisdiction by the district court and with the express consent of all the parties." 28 U.S.C.

---

(Continued...)

       papers relating to the motion shall be filed with the Clerk of the District Court.

[2]Generally speaking, a proceeding which *arises under* the bankruptcy laws is considered core. MBNA Am. Bank, N.A. v. Hill, 436 F.3d 104, 108-109 (2d Cir. 2006); Boroff v. Tully (In re Tully), 818 F.2d 106, 108 (1st Cir. 1987). "A proceeding's nature can be core 'if either (1) the type of the proceeding is unique to or uniquely affected by the bankruptcy proceeding, or (2) the proceeding directly affects a core bankruptcy function.'" Universal Oil Ltd v. Allfirst Bank (In re Millenium Seacarriers, Inc.), 419 F.3d 83, 97 (2d Cir. 2005). See also In re Sheridan, 362 F.3d 96, 106 (1st Cir. 2004).

§ 157(e). Several of the claims asserted by Fabrikant against Long's are "non core" claims as to which Long's have a right to a trial by jury. Therefore, withdrawal of the reference is mandatory because Long's does not consent to entry of final orders by the Bankruptcy Court.

7.  With respect to § 157(e), withdrawal of the reference is proper because Long's has requested, and is entitled to, a jury trial, and does not consent to the entry of final orders by the Bankruptcy Court. As set forth above, Long's did not file proofs of claim against the Debtor's estate, see Katchen v. Landy, 382 U.S. 323, 15 L. Ed. 391 (1966) (defendants who file claims in bankruptcy court against the bankruptcy estate thereby waive any right they otherwise may have had to a trial by jury), and thus have not in any sense waived such right.

A.  **This Motion is Timely**

8.  This Motion is timely. While timeliness is not defined in § 157(d), courts in the Second Circuit have defined timely to mean "as soon as possible after the moving party has notice of the grounds for withdrawing the reference." VWE Group, Inc. v. Amlicke (In re The VWE Group, Inc.), 359 B.R. 441, 446 (S.D.N.Y. 2007). See also United States of America v. Kaplan, 146 B.R. 500 (D. Mass. 1992) (a motion to withdraw the reference is timely if it is "made as promptly as possible in light of the developments in the bankruptcy proceeding" or, simply stated, if such motion is made "at the first reasonable opportunity"). The decision on timeliness is made on a case-by-case basis. Official Comm. of Unsecured Creditors of FMI Forwarding Co. v. Union Transp. Corp. (In re FMI Forwarding Co., Inc.), 2005 U.S. Dist. LEXIS 941, No. 04 Civ. 630, at *17 (S.D.N.Y. Jan. 24, 2005). "Delay for tactical reasons, such as forum shopping, or which prejudices the opposing party or the administration of justice, can be grounds for denying a withdrawal motion as untimely." Id. at *18.

4

9. Long's has filed this Motion within the time specified by the Court in its scheduling order, discovery having closed on January 30, 2008. Therefore, Long's submits that the Motion is timely.

### B. Cause Exists to Withdraw the Reference

10. The factors to be considered by the Court in determining whether cause exists include: "(1) whether the claim is core or non-core, (2) what is the most efficient use of judicial resources, (3) what is the delay and what are the costs to the parties, (4) what will promote uniformity of bankruptcy administration, (5) what will prevent forum shopping, and (6) other related factors." South Street Seaport Limited Partnership v. Burger Boys, Inc. (In re Burger Boys, Inc.) 94 F.3d 755, 762 (2d Cir. 1996). See Holland America Ins. Co. v. Succession of Roy, 777 F.2d 992, 999 (5th Cir. 1985); Kagan v. Dress (In re Clark-Franklin-Kingston Press, Inc.), 1993 U.S. Dist. LEXIS 6470 (D. Mass 1993). The first factor is considered the most important. In re Burger Boys, Inc., supra, 94 F.3d at 762. In the present case, these factors support the request to withdraw the reference.

#### 1. The Claims are Non-Core

11. As discussed in Paragraph 6, supra, several of the claims asserted by Fabrikant against Long's are "non-core" claims. Thus, the most important factor supporting cause has been satisfied.

#### 2. Request for Jury Trial

12. The Second Circuit has held that "[t]he constitution prohibits bankruptcy courts from holding jury trials in non-core matters." Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.), 4 F.3d 1095, 1101 (2d Cir. 1993), cert. dismissed, 511 U.S. 1026, 114 S.Ct. 1418, 128 L.Ed.2d 88 (1994). Therefore, "[i]f a case is non-core and a jury demand

5

has been filed, a district court might find that the inability of the bankruptcy court to hold the trial constitutes cause to withdraw the reference." Ibid.

13.  Numerous courts have specifically found that cause to withdraw exists where a party has a right to a jury trial as to the matter to be adjudicated and does not consent to having a bankruptcy judge conduct the trial. See, e.g., Nickless v. Creare, Inc. (In re Haverhill Tech. Group), 310 B.R. 478, 481 n.7 (Bankr. D. Mass. 2004) ("[b]ecause the Defendants do not consent to a jury trial in this Court, the adversary proceeding must be tried in the district court."); see also, In re Orion Pictures Corp., supra, 4 F.3d at 1101; NDEP Corp. v. Handl-It (In re NDEP Corp.), 203 B.R. 905, 908 (D. Del. 1996); In re Cinematronics, 916 F.2d 1444, 1451 (9th Cir. 1989).

14.  In fact, "[u]nder Orion, the court's finding that the claim is non-core coupled with defendants' jury demand is sufficient cause to withdraw the reference." In re The VWE Group, Inc., supra, 359 B.R. at 451.

15.  Here, Long's has made a jury demand. Thus, cause exists to withdraw the reference.

### 3. Judicial Economy

16.  "Since the Bankruptcy Court's determination of th[ese] non-core claim[s] would be subject to *de novo* review in the district court, unnecessary costs can be avoided by a single proceeding" in the District Court. In re The VWE Group, Inc., supra, 359 B.R. at 451 (citing In re Orion Pictures Corp., supra, 4 F.3d at 1101).

### 4. No Delay

17.  Withdrawal of the reference of this case will not delay the case's progression. Procedurally, this case is in its infancy. In addition, relevant trial deadlines have already been

established, which will be applicable regardless of whether the reference is withdrawn. Accordingly, the case is on a set timeline whether it is conducted before the Bankruptcy Court or the United States District Court for the Southern District of New York.

### 5. Remaining Factors

18. Withdrawal of the reference in the instant case will not adversely affect the uniformity of bankruptcy administration. In addition, withdrawing the reference will not result in forum-shopping.

**WHEREFORE**, Long's respectfully requests withdrawal of the reference of this Adversary Proceeding to the Bankruptcy Court, together with such other and further relief as this Court deems just and proper.

DUANE MORRIS LLP

By: _____
Joseph H. Lemkin, Esq.
744 Broad Street
Suite 1200
Newark, NJ 07102
Phone: (973) 424-2040
Fax: (973) 424-2001
E-mail: jhlemkin@duanemorris.com

- and -

Charles R. Bennett, Jr., Esq.
BBO #037380
Hanify & King
Professional Corporation
One Beacon Street, 21st Floor
Boston, MA 02108-3107
(617) 423-0400 phone
(617) 423-0498 fax

Attorneys for Defendant/Counterclaimant,
Long's Jewelers Ltd.

Dated: February 8, 2008

JS 44C/SDNY
REV. 12/2005

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

PLAINTIFFS  
M. Fabrikant & Sons, Inc.

DEFENDANTS  
Long's Jewelers, Ltd.

ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)  
Mitchell J. Devack, Esq., 90 Merrick Avenue, Suite 500, East Meadow, NY 11554 - (516) 794-2800

ATTORNEYS (IF KNOWN)  
Joseph H. Lemkin Esq., Duane Morris, LLP, 744 Broad Street, Suite 1200, Newark, NJ 07102 (973) 424-2000

CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)  
28 USC § 157(d) and (e)

Has this or a similar case been previously filed in SDNY at any time? No [X]   Yes? [ ]   Judge Previously Assigned

If yes, was this case Vol [ ]  Invol. [ ]   Dismissed. No [ ]  Yes [ ]   If yes, give date _____ & Case No. _____

(PLACE AN [x] IN ONE BOX ONLY)     NATURE OF SUIT

ACTIONS UNDER STATUTES

**TORTS**

**CONTRACT**
- [ ] 110 INSURANCE
- [ ] 120 MARINE
- [ ] 130 MILLER ACT
- [ ] 140 NEGOTIABLE INSTRUMENT
- [ ] 150 RECOVERY OF OVERPAYMENT & ENFORCEMENT OF JUDGMENT
- [ ] 151 MEDICARE ACT
- [ ] 152 RECOVERY OF DEFAULTED STUDENT LOANS (EXCL VETERANS)
- [ ] 153 RECOVERY OF OVERPAYMENT OF VETERAN'S BENEFITS
- [ ] 160 STOCKHOLDERS SUITS
- [ ] 190 OTHER CONTRACT
- [ ] 195 CONTRACT PRODUCT LIABILITY
- [ ] 196 FRANCHISE

**PERSONAL INJURY**
- [ ] 310 AIRPLANE
- [ ] 315 AIRPLANE PRODUCT LIABILITY
- [ ] 320 ASSAULT, LIBEL & SLANDER
- [ ] 330 FEDERAL EMPLOYERS' LIABILITY
- [ ] 340 MARINE
- [ ] 345 MARINE PRODUCT LIABILITY
- [ ] 350 MOTOR VEHICLE
- [ ] 355 MOTOR VEHICLE PRODUCT LIABILITY
- [ ] 360 OTHER PERSONAL INJURY

**PERSONAL INJURY**
- [ ] 362 PERSONAL INJURY - MED MALPRACTICE
- [ ] 365 PERSONAL INJURY PRODUCT LIABILITY
- [ ] 368 ASBESTOS PERSONAL INJURY PRODUCT LIABILITY

**PERSONAL PROPERTY**
- [ ] 370 OTHER FRAUD
- [ ] 371 TRUTH IN LENDING
- [ ] 380 OTHER PERSONAL PROPERTY DAMAGE
- [ ] 385 PROPERTY DAMAGE PRODUCT LIABILITY

**ACTIONS UNDER STATUTES**

**REAL PROPERTY**
- [ ] 210 LAND CONDEMNATION
- [ ] 220 FORECLOSURE
- [ ] 230 RENT LEASE & EJECTMENT
- [ ] 240 TORTS TO LAND
- [ ] 246 TORT PRODUCT LIABILITY
- [ ] 290 ALL OTHER REAL PROPERTY

**CIVIL RIGHTS**
- [ ] 441 VOTING
- [ ] 442 EMPLOYMENT
- [ ] 443 HOUSING ACCOMMODATIONS
- [ ] 444 WELFARE
- [ ] 445 AMERICANS WITH DISABILITIES - EMPLOYMENT
- [ ] 446 AMERICANS WITH DISABILITIES - OTHER
- [ ] 440 OTHER CIVIL RIGHTS

**PRISONER PETITIONS**
- [ ] 510 MOTIONS TO VACATE SENTENCE 28 USC 2255
- [ ] 530 HABEAS CORPUS
- [ ] 535 DEATH PENALTY
- [ ] 540 MANDAMUS & OTHER
- [ ] 550 CIVIL RIGHTS
- [ ] 555 PRISON CONDITION

**FORFEITURE/PENALTY**
- [ ] 610 AGRICULTURE
- [ ] 620 FOOD & DRUG
- [ ] 625 DRUG RELATED SEIZURE OF PROPERTY 21 USC 881
- [ ] 630 LIQUOR LAWS
- [ ] 640 RR & TRUCK
- [ ] 650 AIRLINE REGS
- [ ] 660 OCCUPATIONAL SAFETY/HEALTH
- [ ] 690 OTHER

**LABOR**
- [ ] 710 FAIR LABOR STANDARDS ACT
- [ ] 720 LABOR/MGMT RELATIONS
- [ ] 730 LABOR/MGMT REPORTING & DISCLOSURE ACT
- [ ] 740 RAILWAY LABOR ACT
- [ ] 790 OTHER LABOR LITIGATION
- [ ] 791 EMPL RET INC SECURITY ACT

**BANKRUPTCY**
- [ ] 422 APPEAL 28 USC 158
- [X] 423 WITHDRAWAL 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 COPYRIGHTS
- [ ] 830 PATENT
- [ ] 840 TRADEMARK

**SOCIAL SECURITY**
- [ ] 861 MIA (1395FF)
- [ ] 862 BLACK LUNG (923)
- [ ] 863 DIWC (405(g))
- [ ] 863 DIWW (405(g))
- [ ] 864 SSID TITLE XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 TAXES
- [ ] 871 IRS-THIRD PARTY 20 USC 7609

**OTHER STATUTES**
- [ ] 400 STATE REAPPORTIONMENT
- [ ] 410 ANTITRUST
- [ ] 430 BANKS & BANKING
- [ ] 450 COMMERCE/ICC RATES/ETC
- [ ] 460 DEPORTATION
- [ ] 470 RACKETEER INFLUENCED & CORRUPT ORGANIZATION ACT (RICO)
- [ ] 480 CONSUMER CREDIT
- [ ] 490 CABLE/SATELLITE TV
- [ ] 810 SELECTIVE SERVICE
- [ ] 850 SECURITIES/ COMMODITIES/ EXCHANGE
- [ ] 875 CUSTOMER CHALLENGE 12 USC 3410
- [ ] 891 AGRICULTURE ACTS
- [ ] 892 ECONOMIC STABILIZATION ACT
- [ ] 893 ENVIRONMENTAL MATTERS
- [ ] 894 ENERGY ALLOCATION ACT
- [ ] 895 FREEDOM OF INFORMATION ACT
- [ ] 900 APPEAL OF FEE DETERMINATION UNDER EQUAL ACCESS TO JUSTICE
- [ ] 950 CONSTITUTIONALITY OF STATE STATUTES
- [ ] 890 OTHER STATUTORY ACTIONS

*Check if demanded in complaint:*

CHECK IF THIS IS A CLASS ACTION  
UNDER F.R.C.P. 23

DO YOU CLAIM THIS CASE IS RELATED TO A CIVIL CASE NOW PENDING IN S.D.N.Y.?  
IF SO, STATE:

DEMAND $_____  OTHER_____   JUDGE _____  DOCKET NUMBER_____

*Check YES only if demanded in complaint*  
JURY DEMAND: [X] YES  [ ] NO

NOTE: Please submit at the time of filing an explanation of why cases are deemed related.

(SEE REVERSE)

| (PLACE AN x IN ONE BOX ONLY) | | | | ORIGIN | | | |
|---|---|---|---|---|---|---|---|
| ☐ 1 Original Proceeding | ☐ 2a. Removed from State Court<br>☐ 2b. Removed from State Court AND at least one party is a pro se litigant | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from (Specify District) | ☐ 6 Multidistrict Litigation | | ☐ 7 Appeal to District Judge from Magistrate Judge Judgment |

| (PLACE AN x IN ONE BOX ONLY) | BASIS OF JURISDICTION | | IF DIVERSITY, INDICATE CITIZENSHIP BELOW. |
|---|---|---|---|
| ☐ 1 U.S. PLAINTIFF   ☐ 2 U.S. DEFENDANT | ☐ 3 FEDERAL QUESTION (U.S. NOT A PARTY) | ☒ 4 DIVERSITY | (28 USC 1332, 1441) |

CITIZENSHIP OF PRINCIPAL PARTIES (FOR DIVERSITY CASES ONLY)

(Place an [X] in one box for Plaintiff and one box for Defendant)

| | PTF | DEF | | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|---|---|---|
| CITIZEN OF THIS STATE | [ ] 1 | [ ] 1 | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | [ ] 3 | [ ] 3 | INCORPORATED and PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE | [ ] 5 | [X] 5 |
| CITIZEN OF ANOTHER STATE | [ ] 2 | [ ] 2 | INCORPORATED or PRINCIPAL PLACE OF BUSINESS IN THIS STATE | [X] 4 | [ ] 4 | FOREIGN NATION | [ ] 6 | [ ] 6 |

PLAINTIFF(S) ADDRESS(ES) AND COUNTY(IES)

One Rockefeller Plaza
New York, New York 10020
New York County

DEFENDANT(S) ADDRESS(ES) AND COUNTY(IES)

60A South Avenue
Burlington, MA 01803

DEFENDANT(S) ADDRESS UNKNOWN
REPRESENTATION IS HEREBY MADE THAT, AT THIS TIME, I HAVE BEEN UNABLE, WITH REASONABLE DILIGENCE, TO ASCERTAIN THE RESIDENCE ADDRESSES OF THE FOLLOWING DEFENDANTS:

Check one:   THIS ACTION SHOULD BE ASSIGNED TO:    ☐ WHITE PLAINS    ☒ FOLEY SQUARE
(DO NOT check either box if this a PRISONER PETITION.)

| DATE | SIGNATURE OF ATTORNEY OF RECORD | ADMITTED TO PRACTICE IN THIS DISTRICT |
|---|---|---|
| RECEIPT # | | [ ] NO<br>[X] YES (DATE ADMITTED Mo. April Yr. 1997 )<br>Attorney Bar Code # |

Magistrate Judge is to be designated by the Clerk of the Court.

Magistrate Judge _____ is so Designated.

J Michael McMahon, Clerk of Court by _____ Deputy Clerk, DATED _____.

UNITED STATES DISTRICT COURT (NEW YORK SOUTHERN)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In Re:<br><br>M. FABRIKANT & SONS, INC. and<br>FABRIKANT-LEER INTERNATIONAL, LTD.<br><br>Debtors. | Chapter 11<br>Case Nos. 06-112737(SMB) |
| M. FABRIKANT & SONS, INC.<br><br>Plaintiff,<br><br>v.<br><br>LONG'S JEWELERS LTD<br><br>Defendant. | Adv. P. No. 07-01585(SMB) |

Pursuant to Federal Rule of Civil Procedure 7.1 and to enable Judges and Magistrate Judges of the Court to evaluate possible disqualification or recusal, the undersigned counsel for Long's Jewelers LTD (a private non-governmental party) certifies that the following are corporate parents or public companies that own 10% of more of said parties stock: No such corporation exists.

Dated: Newark, New Jersey
February 8, 2008

By: /s/ Joseph H. Lemkin
JOSEPH H. LEMKIN (JL2490)
Duane Morris LLP
A Delaware Limited Liability Partnership
744 Broad Street, Suite 1200
Newark, New Jersey 07102
(973) 424-2000
Attorney for Defendant

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In Re:<br><br>M. FABRIKANT & SONS, INC. and<br>FABRIKANT-LEER INTERNATIONAL, LTD.<br><br>Debtors. | Chapter 11<br>Case Nos. 06-112737(SMB) |
| M. FABRIKANT & SONS, INC.<br><br>Plaintiff,<br><br>v.<br><br>LONG'S JEWELERS LTD<br><br>Defendant. | Adv. P. No. 07-01585(SMB) |

### DECLARATION OF SERVICE

JOSEPH H. LEMKIN, an attorney duly admitted to the bar of the United States District Court for the Southern District of New York, hereby declares pursuant to 28 U.S.C. § 1746 subject to the penalties of perjury that the following statements are true.

1. On February 8, 2008, I served the annexed Notice of Motion and Motion and Memorandum of Law upon Mitchell J. Devack, attorney for Plaintiff, and the United States Trustee's Office.

2. The service cited in paragraph 1 was accomplished by mail by true copies of said documents enclosed in sealed, post-paid wrappers in a depository within the State of New Jersey under the exclusive care and control of the United States Postal Service.

3. The wrappers cited in paragraph 2 were addressed to said attorneys at 90 Merrick Avenue, Suite 500, East Meadow, New York 11554 and 33 Whitehall Street, New York, New York 10004, the addresses respectively designated by them for service of papers.

/s/ Joseph H. Lemkin
DUANE MORRIS LLP
A Delaware Limited Liability Partnership
744 Broad Street
Suite 1200
Newark, New Jersey 07102
(973) 424-2000
Attorney for Defendant/Counterclaimant,
Long's Jewelers Ltd.