UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

In Re:                                                  Chapter 11
M. FABRIKANT & SONS, INC. and                           Case No. 06-112737 (SMB)
FABRIKANT-LEER INTERNATIONAL, LTD.

             Debtors

----------------------------------------------------------

M. FABRIKANT & SONS, INC.,

             Plaintiff,                    Adv. P. No. 07-01585 (SMB)

      - against -                             Case No.: 1:08-Civ-01982-CM
                            (Magistrate Francis)

LONG-S JEWELERS LTD.,

             Defendant.
-----------------------------------------------------------X

**MEMORANDUM OF LAW OF**
**M. FABRIKANT & SONS, INC.**
**IN OPPOSITION TO MOTION OF LONG-S JEWELERS LTD.**
**FOR WITHDRAWAL OF THE REFERENCE**

       Plaintiff, M. Fabrikant & Sons, Inc. (AFabrikant@), respectfully submits this memorandum of law in opposition to the motion of defendant, Long-s Jewelers Ltd. (ALongs@) to withdraw the reference of this action to the United States Bankruptcy Court for the Southern District of New York (the ABankruptcy Court@).

<u>PRELIMINARY STATEMENT</u>

       This adversary proceeding concerns Long-s pre-petition breach of contract, to wit: its failure to pay plaintiff for $1,647.031.80 for jewelry merchandise sold and delivered to Long-s prior to November 16, 2006, the date Fabrikant filed a voluntary Chapter 11 petition. The parties agree that this proceeding, which involves state common law causes of action

is Anon-core@ and that Long=s has requested and is entitled to a jury trial. There is no dispute that in the absence of consent from both parties, the Bankruptcy Court cannot conduct a jury trial. However, those facts do not, at this stage of the proceedings, entitle Long=s to the relief sought on its motion.

This case is still in the pre-trial stage. By Order Directing Mediation dated February 26, 2008, the Bankruptcy Court directed that a mediation be held. The parties have selected a mediator and are preparing to proceed with mediation. The Bankruptcy Court, which has been overseeing the administration of Fabrikant=s estate since November, 2006, is in the best position to continue its oversight until this action is ready for trial. In view of the factors, and also in view of the absence of and prejudice to Long=s if this matter were to remain in Bankruptcy Court for all pre-trial purposes, the motion should be denied as premature.

<u>ARGUMENT</u>

WITHDRAWAL OF THE REFERENCE
SHOULD BE DEFERRED UNTIL THE
CASE IS READY FOR TRIAL

The general rule in the Second Circuit is that a motion to withdraw the reference will be denied as premature where, as here, a party has demanded a jury trial in a non-core proceeding, but the case is not yet ready for trial. <u>In re Loral Space & Communications</u> 04 Civ. 04547 (PKC) 2004 U.S. Dist. LEXIS 13230 (SDNY 2004); <u>In re Magnesium Corporation of America</u>, 2004 U.S. Dist. LEXIS 9389, 04 Civ. 1357 (PKC); <u>In re Gaston & Snow</u> 173 B.R. 302 (SDNY 1994); <u>In re CIS Corp.</u> 172 B.R. 748 SDNY 1994); <u>In re Kenai</u>, 172 B.R. 59 (SDNY 1992). As has been stated:

2

> A rule that would require a district court to withdraw a reference simply because a party is entitled to a jury trial, regardless of how far along toward trial a case may be, runs counter to the policy favoring judicial economy that underlies the statutory scheme...the court must employ [withdrawal] judiciously in order to prevent it becoming just another litigation tactic for parties eager to find a way out of bankruptcy court.

> Kenai, 136 B.R. at 61

In general, a party is entitled to a jury trial in a non-core adversary proceeding in which legal, as opposed to equitable relief is sought. In re Orion Pictures Corporation 4 F3d 1095, 1101 (2d Cir. 1993). When a jury trial has been properly demanded and consent to entry of final judgment by the Bankruptcy Court has been withheld, that court may not conduct a jury trial in a non-core proceeding. Id. Nevertheless, Long=s motion to withdraw the reference should be denied as premature since this proceeding is not ready for trial.

In Orion, the Second circuit articulated the factors to be considered on a motion to withdraw the reference in a non-core adversary proceeding in which the movant demands a jury trial:

> Once a district court makes the core/non-core determination it should weigh questions of efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors.

> 4 F.3d at 1101.

Where a case is not ready for trial, the motion to withdraw the reference will be denied where a movant has Afailed to show...how it would be prejudiced by having the bankruptcy court oversee pretrial matters and when, and if, the case becomes trial ready, removing the case to the district court.@ In re Times Circle East Inc., 95 Civ. 2838 (SHS) 1995 U.S. Dist. LEXIS 11642 (SDNY 1995).

Since the Bankruptcy Court already has familiarity with Fabrikant's estate and this adversary proceeding, it makes sense for the Court to oversee this matter until all pre-trial proceedings are completed.  The parties to this adversary proceeding have already appeared before the Bankruptcy Court twice.  Since this Court already has knowledge of the allegations and prior proceedings of this action, it would be an inefficient use of judicial resources to withdraw this case now for the conclusion of pretrial matters.  See: <u>Gaston & Snow</u>, 173 B.R. at 307 ("interest of judicial economy and sound judicial administration suggest that....motion to withdraw be denied at this time").

Another factor in favor of denial of Long's motion is the utter lack of any prejudice to the movant if this case were to stay in Bankruptcy Court for all pre-trial purposes.  Long does not and cannot argue that plaintiff will suffer any prejudice if this case remains in Bankruptcy Court until it is ready for trial.  <u>Gaston & Snow</u>, 172 B.R. at 307.  (Motion to withdraw the reference denied as untimely where movant failed to demonstrate that it would be prejudiced if motion determined until trial).

## <u>CONCLUSION</u>

For all of the foregoing reasons, Fabrikant respectfully submits that Long's motion to withdraw should be denied.

Dated:   East Meadow, NY
             March 7, 2008

                                                            LAW OFFICES OF
                                                            MITCHELL J. DEVACK, PLLC


                                                             s/Mitchell J. Devack_____

4

MITCHELL J. DEVACK (MD-8611)
Attorneys for Plaintiff
90 Merrick Avenue, Suite 500
East Meadow, NY 11554
Phone:516-794-2800
Fax: 516-794-2900
E-mail: mjd@devacklaw.com


TROUTMAN SANDERS LLP
Attorneys for Debtors
405 Lexington Avenue
New York, NY 10174
Phone: 212-704-6009


TO:    DUANE MORRIS LLP
       Attorneys for Defendant-Counterclaimant,
       Long=s Jewelers Ltd.
       744 Broad Street, Suite 1200
       Newark, NJ 07102
       Attention: Joseph H. Lemkin, Esq.

       HANIFY & KING, P.C.
       Attorneys for Defendant-Counterclaimant,
       Long=s Jewelers Ltd.
       One Beacon Street, 21st Floor
       Boston, MA 02108-3107
       Attention: Charles R. Bennett, Jr., Esq.

F:\DATA\SUSAN_V\Fabrikant\Bankruptcy\Long's\Memorandum of Law.DOC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In Re:                                                    Chapter 11
M. FABRIKANT & SONS, INC. and                             Case No. 06-112737 (SMB)
FABRIKANT-LEER INTERNATIONAL, LTD.

                    Debtors


-----------------------------------------------------------
M. FABRIKANT & SONS, INC.,
                                                          Adv. P. No. 07-01585 (SMB)
                    Plaintiff,
                                                          Case No.: 1:08-Civ-1982-CM
          - against -                                     (Magistrate Francis)

LONG-S JEWELERS LTD.,
                                                          **CERTIFICATE OF SERVICE**
                    Defendant.
-----------------------------------------------------------X

          The undersigned does hereby certify that a true and accurate copy of the foregoing
*Memorandum of Law* and **Rule 7.1 Statement** was served upon the following via Federal Express
overnight mail on March 7, 2008:

          DUANE MORRIS LLP
          Attorneys for Defendant-Counterclaimant,
          Long-s Jewelers Ltd.
          744 Broad Street, Suite 1200
          Newark, NJ 07102
          Attention: Joseph H. Lemkin, Esq.

          HANIFY & KING, P.C.
          Attorneys for Defendant-Counterclaimant,
          Long-s Jewelers Ltd.
          One Beacon Street, 21st Floor
          Boston, MA 02108-3107
          Attention: Charles R. Bennett, Jr., Esq.




                              LAW OFFICES OF
                              MITCHELL J. DEVACK, PLLC


                              By:  s/ Mitchell J. Devack
                                    MITCHELL J. DEVACK (MD-8611)


F:\DATA\SUSAN_V\FABRIKANT\BANKRUPTCY\LONG'S\CERT. OF SERVICE  3-5-08.DOC

Attorneys for Plaintiff
Office & P.O. Address
90 Merrick Avenue, Suite 500
East Meadow, NY  11554
(516) 794-2800