UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------x)
M FABRIKANT & SONS, INC.                              )
                                                      )
                Plaintiff,                            )
                                                      )
v.                                                    )    08-CV-1982
                                                      )
LONG'S JEWELERS LTD.                                  )
                                                      )
                Defendant.                            )
------------------------------------------------------x)
```

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/26/08

MEMORANDUM DECISION AND ORDER GRANTING THE MOTION TO
WITHDRAW THE REFERENCE

McMahon, J.:

On November 16, 2006, M. Fabrikant & Sons ("Fabrikant") voluntarily filed for Chapter 11. On March 13, 2007, Fabrikant filed the Complaint against Long's Jewelers Ltd. ("Long's"). In the complaint, Fabrikant alleged that it sold Long's $2,815,911.10 in diamonds and jewelry. (Compl. ¶ 10.) Fabrikant sought $1,647,031.80 for goods sold to Long's prior to the petition date. On April 19, 2007, Long's filed its Answer and Jury Demand. In the Answer, Long's denied the material allegations of Fabrikant in the Complaint, asserted defenses, and asserted a counterclaim seeking a determination of Long's right to return goods for credit against any obligations asserted by Fabrikant against Long's.

On May 14, 2007, Bankruptcy Judge Stuart Bernstein issued a scheduling order, requiring completion of all discovery by January 30, 2008 and the setting of a final pre-trial conference for February 21, 2008.[1]

---

[1] There is some confusion as to the dates in the scheduling order. The scheduling order states that plaintiff's expert disclosures must be submitted by November 30, 2008 and that disclosure of defendant's expert must be made by December 15, 2008. (Bankr. No. 07-01585, dkt. # 6.) This Court assumes that these 2008 dates are typographical errors, and that the year for both of these dates should be 2007. This assumption is supported by transcript from the

1

On February 8, 2008, Long's filed the present Motion to Withdraw the Reference. Long's argues that cause exists to withdraw the reference because: the claims are "non-core;" Long's requested a jury trial; withdrawing the reference would further judicial economy; and withdrawing the reference would not delay the case's progression. (Def. Br. 7-8.) In opposition, Fabrikant argues that withdrawal of the reference should be deferred until the case is ready for trial because Long's motion is premature. (Pl. Br. 2.)

On February 26, 2008, Judge Bernstein issued an order directing mediation, and on March 26, 2008, the court appointed Tracey L. Klestadt, Esq. to serve as the mediator.

**Analysis**

In Northern Pipeline Construction Co. v. Marathon Pipe Line Co., 458 U.S. 50 (1982), the Supreme Court ruled that Congress could not constitutionally empower a non-Article III bankruptcy court with the authority to adjudicate a state breach-of-contract action, based on a pre-petition contract, brought by a debtor against a defendant that had not filed a claim with the bankruptcy court. The court held that "our Constitution reserves for Art. III courts" traditional functions of the judicial power, such as adjudicating state breach-of-contract claims (like a claim by a debtor against a defendant). Id. at 84. Accordingly, the Court in Marathon found unconstitutional Congress's broad grant of jurisdiction to the bankruptcy courts to adjudicate such claims, implemented in the Bankruptcy Act of 1978.

In response to Marathon, Congress enacted 28 U.S.C. § 157. See In re Ben Cooper, Inc., 896 F.2d 1394, 1398 (2d Cir.) (Ben Cooper I), vacated and remanded, 498 U.S. 964 (1990), reinstated on remand, In re Ben Cooper, Inc. 924 F.2d 36, 38 (2d Cir.)(Ben Cooper II). Section 157 classifies matters as either "core proceedings," which the bankruptcy court may "hear and

---

hearing in bankruptcy court on March 6, 2006. (Bankr. No. 07-01585, dkt. # 12.) During the hearing, the parties and court make reference to the fact that discovery had already ended in the case.

2

determine" and on which the bankruptcy court "may enter appropriate orders and judgments," or "non-core proceedings," which the bankruptcy court may hear, but for which -- absent the parties' consent -- the bankruptcy court is only empowered to submit proposed findings of fact and conclusions of law to the district court for its consideration and for *de novo* review of any matter to which any party has timely and specifically objected. See VWE Group, Inc. v. Amlicke, 359 B.R. 441, 445 (S.D.N.Y. 2007).

The district courts have original jurisdiction over all civil proceedings "arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. 1334(b). In this district, the district court automatically refers all such cases to the bankruptcy court in the first instance. Id. However, under 28 U.S.C. § 157(d), a "district court may withdraw . . . any case or proceeding referred [to the bankruptcy court] on its own motion or on timely motion of any party, for cause shown." Section 157(d) does not define the term "cause." District courts in this circuit have considered a number of factors in interpreting § 157(d): whether the claim or proceeding is core or non-core; whether it is legal or equitable; considerations of efficiency; prevention of forum shopping; and uniformity in the administration of bankruptcy law. See, e.g., In re Kenai Corp., 136 B.R. 59, 61 (S.D.N.Y. 1992).

Consideration of these factors compels this Court to grant Long's motion to withdraw the reference.

I.     **The Withdrawal Motion is Timely**

Fabrikant does not argue that the withdrawal motion is untimely under § 157(d). Courts in the Second Circuit have interpreted timeliness to mean "as soon as possible after the moving party has notice of the grounds for withdrawing the reference." Official Comm. Of Unsecured Creditors of FMl Forwarding Co. v. Union Transp. Corp. (In re FMI Forwarding Co.), 2005 U.S.

3

Dist. LEXIS 941, at *17 (S.D.N.Y. Jan. 21, 1995). This determination is made on a case-by-case basis. See id. In this case, the motion is timely. The scheduling order states that parties wishing to file a Motion to Withdraw the Reference must do so "no sooner then [sic] the completion of discovery and prior to the scheduled final pre-trial conference." (Scheduling Order at 2-3.) Here, the motion was filed on February 8, 2008—after discovery was completed—, and before the pre-trial conference, which was scheduled for February 21, 2008. Therefore, the motion is timely.

## II.     Long's Has Shown "Cause" for Withdrawal

### A.     The parties do not dispute that this case is a "non-core" proceeding.

Bankruptcy judges can "hear and determine all core proceedings arising under title 11," § 157(b)(1), but are subject to *de novo* review for "non-core" proceedings. § 157(c)(1). Determining whether a claim is a "core" claim is the first step in determining whether there is cause for withdrawal of a reference "since it is upon this issue that questions of efficiency and uniformity will turn." In re Orion Pictures Corp., 4 F.3d 1095, 1101 (2d Cir. 1993). As the Orion court explains:

> For example, the fact that a bankruptcy court's determination on non-core matters is subject to *de novo* review by the district court could lead the latter to conclude that in a given case unnecessary costs could be avoided by a single proceeding in the district court. Conversely, hearing core matters in a district court could be an inefficient allocation of judicial resources given that the bankruptcy court generally will be more familiar with the facts and issues. Thus, once a district court makes the core/none-core determination, it should weigh questions of efficient use of judicial resources, delay and costs to the parties, uniformity of banking administration, the prevention of forum shopping, and other factors.

Id. Section 157 gives many examples of proceedings that are considered to be core proceedings. See § 157(b)(2)(A)-(P). Generally, "core" proceedings must invoke substantive rights that would not exist outside of bankruptcy proceedings, while "non-core" proceedings "involve disputes over rights that . . . have little or no relation to the

4

Bankruptcy Code, do not arise under the federal bankruptcy law and would exist in the absence of a bankruptcy case." See VWE Group, Inc. v. Amlicke, 359 B.R. at 448 (citing J. Baranello & Sons, Inc. v. Baharestani, 149 B.R. 19, 24 (Bankr. E.D.N.Y. 1992)).

The parties agree that this lawsuit -- a claim for breach of a pre-petition contract brought by the debtor against another party -- is a non-core proceeding, which is correct as a matter of Second Circuit precedent. See Orion, 4 F.3d at 1102 (finding that although § 157(b)(2)(A)'s designation of matters relating to the administration of the estate as core to encompass a wide range of matters, a claim for a breach of a pre-petition contract brought by a debtor is non-core).

B.   Long's has demanded a jury trial.

In its Answer, Long's requested a jury trial as to Fabrikant's claims, as well as to its own counterclaim. Long's argues that the withdrawal of the reference is mandatory because Long's has the right to a jury trial and does not consent to entry of final orders by the bankruptcy court. Fabrikant concedes that Long's is entitled to a jury trial and that the jury trial cannot be conducted by the bankruptcy court since Long's does not consent. However, Fabrikant argues that the motion to withdraw the reference is premature, and that the proceeding should remain in the bankruptcy court for pre-trial proceedings.

The Second Circuit has held that the Seventh Amendment's Reexamination Clause "prohibits bankruptcy courts from holding jury trials in non-core matters" because bankruptcy courts are subject to *de novo* review by district courts. Orion, 4 F.3d at 1101. "Under Orion, the court's finding that the claim is non-core coupled with defendants' jury demand is sufficient cause to withdraw the reference." VWE Group, Inc. v. Amlicke, 359 B.R. at 451. While these

factors weigh heavily toward removing the reference, they are not dispositive. As the Second Circuit stated in Orion:

> If a case is non-core and a jury demand has been filed, a district court might find that the inability of the bankruptcy court to hold the trial constitutes cause to withdraw the reference. However, a district court also might decide that a case is unlikely to reach trial, that it will require protracted discovery and court oversight before trial, or that the jury demand is without merit, and therefore might conclude that the case at that time is best left in the bankruptcy court.

Id. at 1101-02.

Thus, the simple fact that a party is entitled to a jury trial does not require a district court to withdraw the reference. See In re Magnesium Corp. of America, 2004 U.S. Dist. LEXIS 9389, at *5 (S.D.N.Y. May 20, 2004) (noting that a jury demand "does not dispose of the question of whether this Court should withdraw the reference at this juncture or should await the completion of all pre-trial proceedings"). Sometimes situations exist where other factors, such as judicial economy, favor denying a motion to withdraw a reference when a claim is non-core and a jury is demanded. See e.g., In re Kenai Corp. 136 B.R. 59 (S.D.N.Y. 1992). However, absent additional considerations, withdrawing the reference is efficient because if the case goes to trial, the trial would have to be conducted in district court.

C.  Other factors also favor withdrawing the reference.

When a claim is "non-core" and a party has demanded a jury trial, courts examine whether withdrawing the reference is efficient, does not encourage forum shopping, and encourages uniform administration of bankruptcy law. See VWE Group, Inc. v. Amlicke, 359 B.R. at 448.

In this case, withdrawing the reference does not discourage the efficient use of judicial resources. The scheduling order issued by Judge Bernstein ordered the completion of discovery by January 30, 2008, so this Court does not accept Fabrikant's argument that removal of the

6

reference is premature. See e.g. In re. Times Circle East, Inc., 1995 U.S. Dist. LEXIS 11642, at *7 (S.D.N.Y. Aug. 15, 1995) (denying a motion to withdraw a reference, noting "[t]his case is only at its preliminary stage; discovery has not yet begun"). While Judge Bernstein has familiarity with Fabrikant's estate, the dispute in this case discrete, involving a non-core contract claim. The Complaint and Long's counterclaim do not make any allegations that involve bankruptcy law, so the bankruptcy court is not in a better position to handle pre-trial proceedings. Removal of the reference is efficient because Long's demanded a jury trial and a trial in this case would ultimately occur in the district court. The bankruptcy court's appointment of a mediator does not bear weight on my decision, since this court too, can appoint a mediator.

Withdrawing the reference would not hamper uniform administration of the bankruptcy code because this case is a "non-core" proceeding. Cf. In re Magnesium Corp. of America, 2004 U.S. Dist. LEXIS 9389, at *5 (S.D.N.Y. May 20, 2004) (noting, in a case involving fraudulent conveyances, transfer issues, and preference issues, that "allowing the bankruptcy court to address core matters promotes the uniform administration of the bankruptcy code"). The Complaint and counterclaim concern a contract dispute under New York law.

There is also no evidence that Long's motion is an attempt to engage in forum shopping. This factor, therefore, is of no consequence.

Since a trial in this case would have to occur in district court, the only effect of granting this motion would be to place the remaining pre-trial proceedings, including mediation, in district court. Such a result is sensible and efficient.

## Conclusion

For the reasons stated above, Long's motion to withdraw the reference from the Bankruptcy Court is granted.

Dated: June 26, 2008

_____
U.S.D.J.