UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

M. FABRIKANT & SONS, INC.,

        Plaintiff,

- against -

LONGS JEWELERS LTD.,

        Defendant.
-------------------------------------------------------X

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/2/08
```

Case No.: 1:08-Civ-1982-CM

## STIPULATION AND ORDER COMPROMISING AND SETTLING ADVERSARY PROCEEDING

This Stipulation (the "Stipulation") is made as of August 21, 2008 by and between Alan Jacobs, as Trustee (the "Trustee") of the Shared Assets Trust (the "Trust"), Successor to M. Fabrikant & Sons, Inc., Debtor-In-Possession ("Fabrikant"), and Longs Jewelers Ltd. ("Longs"), in full settlement of the above captioned Civil Action involving amounts allegedly owed to the Trust by Long, as set forth herein:

WHEREAS, Fabrikant was engaged in the business of manufacturing and distributing loose diamonds and finished diamond jewelry at wholesale; and

WHEREAS, on November 17, 2006 (the "Petition Date"), Fabrikant filed a voluntary petition for relief under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the U.S. Bankruptcy Court for the Southern District of New York and an Order for Relief was entered (Case No. 06-112737-SMB); and

WHEREAS, on March 14, 2007, Fabrikant commenced an adversary proceeding against Longs in the U.S. Bankruptcy Court for the Southern District of New York seeking to recover the sum of not less than $1,647,031.80 (the "Receivables") in connection with Fabrikant's Pre-Petition Date delivery of loose diamonds and finished jewelry to Longs (Adversary Proceeding No. 07-

1

01585-SMB) (the "Adversary Proceeding"); and

WHEREAS, on April 19, 2007, Longs filed its answer denying Fabrikant's entitlement to recover the amounts sought by way of the Adversary Proceeding and asserting various defenses and offsets thereto; and

WHEREAS, by Order dated February 26, 2008, the Bankruptcy Court directed that this matter be submitted to mediation, and by Order dated March 26, 2008, Tracey L. Klestadt, Esq. was appointed as Mediator; and

WHEREAS, on May 12, 2008, the Bankruptcy Court entered an order (the "Confirmation Order") confirming the Modified Joint Plan of Liquidation under Chapter 11 of the Bankruptcy Code of the Official Committee of Unsecured Creditors, the Debtors' Current Lenders, Wilmington Trust Company, as Agent to the Current Lenders, and the Debtors (the "Plan"); and

WHEREAS, the Plan became effective on May 22, 2008; and

WHEREAS, on May 22, 2008, the Trust was established, the Trustee appointed and the Receivables and the Adversary Proceeding were assigned to the Trust; and

WHEREAS, this Court, in a Memorandum Decision and Order signed on June 26, 2008, granted Longs's motion to withdraw the reference from the Bankruptcy Court; and

WHEREAS, in light of the issues presented and in order to avoid the cost of continued litigation and the risks attendant thereto, the Trustee and Longs have determined to resolve the Adversary Proceeding and this Civil Action upon the terms, conditions and provisions of this Stipulation; and

WHEREAS, the Trustee and Longs have carefully considered the terms of this Stipulation and reviewed the same with counsel and are satisfied that it is fair and reasonable:

NOW, THEREFORE, in consideration of the mutual promises set forth herein, the Trustee and Longs do hereby stipulate and agree as follows:

2

Settlement Payment

1. In full and final settlement of the claims in the Adversary Proceeding and all claims which could have been brought against Longs by Fabrikant and the Trust, Longs agrees to pay to the Trust, and the Trust agrees to accept, the sum of $525,000.00 (the "Settlement Amount") which is to be paid as follows:

    (a) $225,000.00 upon the execution of this Stipulation of Settlement by Longs and the Trustee;

    (b) $300,000.00 in seven (7) equal monthly payments of $42,857.00, due on or before the last day of each month commencing on December 31, 2008 and continuing through and including June 30, 2009. Longs shall have right to prepay this portion of its payment obligations by paying the sum of $250,000.00 Dollars on or before January 5, 2009.

2. The above-listed payments shall be made payable to: "Shared Assets Trust", and sent by wire transfer according to the following wire transfer information:

> Chase Manhattan Bank
> Bankruptcy Management Services
> 4 NY Plaza, 13th Floor
> New York, NY 10004
> ABA#:021-000-021
> Account # 312-199227765
> Shared Assets Trust

Any wire transfer charges deducted upon transmission from payments made by wire transfer shall nonetheless be credited toward such payment. Any payments made prior to the entry by the Court of this Stipulation and Order shall be held in escrow by the Trust's counsel pending such entry.

Default, Cure and Remedies

3

3.  In the event that Longs fails make any scheduled payment when due as set forth herein, then the Trustee, upon five (5) days' written notice to Longs and its counsel by facsimile transmission, and upon Longs's failure to timely cure such default, and without any further or additional notice to Longs, Longs hereby consents, upon the affidavit of the Trustee or his counsel, detailing the facts of Longs's default under the terms of this Stipulation, to the immediate entry of a money judgment herein against Longs in the amount of One Million Six Hundred Thirteen Thousand Four Hundred Fifty Six Dollars and Seventy Nine Cents ($1,613,456.79), less any payments actually made pursuant to this Stipulation.

4.  In the event that the Trust is required to disgorge any of the monies paid to it under the Stipulation as a result of any insolvency proceedings by Longs or by virtue of the rights of any secured creditors having claims against Longs and the failure by Longs to cure same within thirty (30) days of written notice to Longs and its counsel by facsimile transmission of the occurrence of such an event, then in such event, and without any further or additional notice to Longs, Longs hereby consents, upon the affidavit of the Trustee or his counsel, detailing the relevant supporting facts, to the immediate entry of a money judgment herein against Longs in the amount of One Million Six Hundred Thirteen Thousand Four Hundred Fifty Six Dollars and Seventy Nine Cents ($1,613,456.79), less any payments actually made by Longs and retained by the Trust pursuant to this Stipulation.

**Release**

5.  Except with regard to the obligations described herein, Fabrikant, the Trust and Longs, for themselves and each of their predecessors, successors, parents, subsidiaries and affiliates and assigns, hereby release and discharge one another from any and all actions, causes of action, claims, suits, debts, judgments, damages and demands which are or could have been the subject

4

matter of the Adversary Proceeding. Longs expressly waives its counterclaim asserted herein, which is hereby dismissed with prejudice.

### Additional Undertaking

6. The Trustee shall, upon the request of Longs, provide a letter addressed to Longs acknowledging that a mutually agreeable settlement of the receivables and the Adversary Proceeding has been reached between the Trust and Longs.

7. Except for the letter to creditors provided for in paragraph 6 above, the Trustee and Longs agree that they will not disclose any information relating to the terms of this Agreement, the facts and amount of the settlement payment and shall take every precaution to prevent disclosure of such information to third parties other than their financial and legal advisers, unless such disclosure is required by law, in which case each shall give prompt written notice thereof to the other. Notwithstanding the foregoing, the Trustee shall be permitted to make all necessary reports and disclosures regarding the settlement as are required pursuant to its duties and obligations as Trustee, including without limitation, reports and disclosures required to be made to the Trust's Beneficiary Committee, the U.S. Trustee's office, and the U.S. Bankruptcy Court.

8. The Trustee, the Trust, Fabrikant and Longs agree they shall not make any disparaging or negative comments, remarks or statements respecting each other to anyone, public or private.

9. Upon the execution of this Stipulation and Order Compromising and Settling Adversary Proceeding, the Trust as assignee of Fabrikant shall execute and deliver to Longs UCC-3 Termination Statements terminating any UCC financing statements filed by M. Fabrikant & Sons, Inc. against Longs, including but not limited to Massachusetts UCC Filing Number: 200544164750 and any UCC-1 filed against Longs that may have been previously assigned to the Trust from any affiliates or subsidiaries of M. Fabrikant & Sons, Inc.

5

Acknowledgments

10. The Trustee and Longs acknowledge that this Stipulation is a compromise of a disputed claim, and that neither admits, and each expressly denies, any liability on its part.

11. The Trustee represents that the Trust is the owner of the claim being settled by this Agreement and that he has been authorized by the Beneficiary Committee to enter into this Agreement.

12. This Stipulation contains the entire agreement between the parties and may only be modified in writing signed by the parties or their duly appointed agents.

13. Each party acknowledges that it has read all of the terms of this Stipulation and enters into this Stipulation's terms voluntarily and without duress.

14. This Stipulation shall be deemed to have been jointly drafted by the parties and, in construing and interpreting this Stipulation, no provision shall be construed and/or interpreted for or against any of the parties because such provision, or any other provision, or the Stipulation as a whole, was purportedly prepared or requested by such party.

15. This Stipulation may be executed in counterparts, with each part being deemed a part of the original document. This Stipulation may be signed by facsimile transmission which signatures shall be treated as original signatures.

16. This Stipulation shall be binding upon and shall inure to the benefit of the parties' successors and assigns. All references herein to Fabrikant and/or Longs shall be deemed to include their successors and assigns.

IN WITNESS WHEREOF, the parties, through their undersigned attorneys, have executed this Stipulation on the day and year first above written.

6

LAW OFFICES OF MITCHELL J. DEVACK, PLLC
Attorneys for Fabrikant

By: _____
Mitchell J. Devack (MD-8611)
Thomas Yanega (TY-2963)
90 Merrick Avenue, Suite 500
East Meadow, NY 11554
(516) 794-2800

DUANE MORRIS LLP

By: _____
Joseph H. Lemkin (JL-2490)
Attorneys for Defendant
744 Broad Street, Suite 1200
Newark, NJ 07102

7

HANIFY & KING, P.C.

By: _____
Charles R. Bennett, Jr.
Attorneys for Defendant,
One Beacon Street, 21st Floor
Boston, MA 02108-3107

"SO ORDERED"

this ___ day of _____ 2008

_____
Honorable Colleen McMahon
U.S.D.J

504168